IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| ROBERT McCLUSKY, | ) | CASE NO. 1:14-CV-519 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| LAKE HOSPITAL SYSTEM, INC., | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Robert McClusky brings claims of gender discrimination and retaliation in violation of state and federal law, and violation of Ohio public policy against Defendant Lake Hospital System, Inc. ("Defendant" or "Lake Health").  Pending before the Court is Defendant's motion for summary judgment (Doc. No. 13), Plaintiff's response in opposition to the motion (Doc. No. 14), and Defendant's reply. (Doc. No. 15).

For the reasons set forth below, Defendant's motion for summary judgment is DENIED.

## I.      PROCEDURAL HISTORY

On January 11, 2013, Plaintiff filed an action against Defendant Lake Health in the Lake County Court of Common Pleas alleging gender discrimination and retaliation in violation of Ohio Revised Code Chapter 4112.02 and wrongful discharge in violation of Ohio public policy. (Doc. No. 1-2).  Defendant filed a motion for summary judgment as to all of Plaintiff's claims, which the state court denied in its entirety on November 13, 2013. (Doc. No. 1-5).  Around February 11, 2014, Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission, which allowed Plaintiff to pursue claims under Title VII of the Civil

1

Rights Act of 1964. (Doc. No. 1-6).  At Plaintiff's request, the state court granted leave to amend the complaint to include claims for gender discrimination and retaliation under Title VII. (*Id.*). Following the amendment, Defendant removed the suit to this Court and again moved for summary judgment as to all of Plaintiff's claims.

## II.    LAW & ANALYSIS

Defendant argues that the state court's determination on its prior motion for summary judgment should not constitute the law of the case.  Lake Health encourages the Court to address the merits of its position regarding summary judgment anew.

Under the doctrine of the law of the case, a court's decision on an issue at one stage of a case ordinarily should be given effect in successive stages of the same litigation. *Arizona v. California*, 460 U.S. 605, 618 (1983).   The doctrine "applies with equal vigor to the decisions of a coordinate court in the same case and a court's own decisions." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (*quoting Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988))*; see also* 18 Moore's Federal Practice § 134.22[3][c][i](3d ed. 1999) ("When an action is removed from a state court to a federal court, the law of the case doctrine applies to the decisions entered by the state court prior to removal."). The doctrine serves both to prevent the continued litigation of settled issues and as a discretionary tool available to courts in order to promote judicial efficiency. *Todd*, 920 F.2d at 403.

While the doctrine affords courts the power to revisit prior decisions of their own or of coordinate courts, courts should be averse to doing so absent extraordinary circumstances. *Id.* (*citing Christianson*, 486 U.S. at 817); *In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 664 F.2d 114, 120 (6th Cir. 1981) (stating that as a practical matter, a transferee court should accord considerable deference to the judgment of a transferor court).  Nevertheless, the law of

the case doctrine is "directed to a court's common sense" and is not an "inexorable command."

*Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). Courts have found it appropriate to reconsider a ruling "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.*

Defendant relies on *Paul v. State Farm Mutual Automotive Insurance Company*, No.1:13-CV-2405, 2014 WL 1116979 (N.D. Ohio Mar. 19, 2014) in an attempt to persuade the Court to disregard the state court's denial of summary judgment. In *Paul v. State Farm*, plaintiffs sued their insurer alleging breach of contract and bad faith in state court. *Id.* at *2. Plaintiffs received a ruling for partial summary judgment in their favor, but then filed an amended complaint, significantly changing the theory of liability and adding class allegations. *Id.* at *2-*3. Defendant removed the case to federal court and filed a motion to dismiss, which was granted over plaintiffs' objection that the prior denial of summary judgment established the law of the case. *Id.* at *6.

The *Paul* court explained that it was not bound by the state court ruling for two reasons, which are grounded in Ohio and federal procedure. *Id.* First, orders for partial summary judgment are interlocutory and may be altered, amended, or vacated at any time. *Id.* (*citing Miklovic v. Shira*, No. 04-CA-27, 2005 WL 1503628, *3 (Ohio Ct. App. 5th Dist. June 20, 2005); *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004)). Second, the filing of an amended complaint supersedes prior, similar complaints, and renders prior pleadings ineffective. *Id.* (*citing Hubbard v. Cleveland Metro. Sch. Dist.*, No. 98304, 2013 WL 1183320 (Ohio App. 8th Dist. Mar. 21, 2013); *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008)).

Based on *Paul*, Defendant Lake Health emphasizes that the law of the case is discretionary, and that the summary judgment ruling entered by the state court addressed Plaintiff's original complaint, rendering it inapplicable to the amended complaint. However, the undersigned finds these arguments insufficient to dictate against embracing the law of the case doctrine under the circumstances here. Unlike in *Paul*, where the plaintiffs amended the complaint to significantly change the theory of liability following a judgment, Plaintiff's amended complaint is not materially different. Rather, Plaintiff's theory of liability is essentially identical to that set out in the original complaint.

For a number of reasons, the Court finds it appropriate to accept as the law of the case the state court's ruling. The only claims that were not present before the state court when it addressed Defendant's first motion for summary judgment are Plaintiff's Title VII gender discrimination and retaliation claims. These causes of action are analyzed under the same legal standards as claims for gender discrimination and retaliation under RC § 44112, which the state court evaluated. *See Conley v. City of Findlay*, 266 F. App'x 400, 404 (6th Cir. 2008) ("The Ohio Supreme Court has held that the analysis used to evaluate claims under § 4112.02 is identical to the analysis used for Title VII."). As a result, the state court's analysis and conclusions regarding the discrimination and retaliation claims grounded in Ohio law apply to the federal claims Plaintiff has since added to the suit.

Significantly, there is no new evidence before the Court, nor has Defendant brought to the Court's attention new, controlling authority. While Defendant stresses particular arguments to support summary judgment, it has not pointed to specific flaws in the state court opinion that would show the decision was clearly erroneous. At this stage, an examination of the discrimination, retaliation, and public policy claims would involve the same legal issues and

4

evidence, under an identical standard of review, which the state court previously undertook. Such an approach would not serve judicial economy.  Accordingly, the Court adopts the state court's denial of summary judgment and applies the same to the parallel federal claims for gender discrimination and retaliation.

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is DENIED as to Plaintiff's state and federal discrimination and retaliation claims, and Ohio public policy claim.

IT IS SO ORDERED.

/s Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: March 3, 2015.