IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

ROBERT McCLUSKY,              )        CASE NO. 1:14-CV-519
                              )
            Plaintiff,        )
                              )
       v.                     )
                              )        MAGISTRATE JUDGE
                              )        KENNETH S. McHARGH
LAKE HOSPITAL SYSTEM, INC.,   )
                              )        **MEMORANDUM OPINION & ORDER**
                              )
            Defendant.        )

Before the Court is Plaintiff Robert McClusky's Motion to Approve Attorney Fees and

Costs. (Doc. No. 36).  Defendant, Lake Hospital System, Inc., has filed its Opposition to

Plaintiff's motion (Doc. No. 37), and Plaintiff has filed a Reply. (Doc. No. 39).  Shortly after

Plaintiff filed his motion requesting fees and costs, Defendant filed a Motion for Sanctions.

(Doc. No. 38).  McClusky opposed the motion and Defendant replied. (Doc. Nos. 40, 41).

For the reasons set forth below, Plaintiff is not entitled to an award of attorney's fees or

costs.  The Court also concludes that the imposition of sanctions is not appropriate.

## I.        PROCEDURAL BACKGROUND

On January 11, 2013, Plaintiff filed an action against Defendant in the Lake County

Court of Common Pleas alleging gender discrimination and retaliation in violation of Ohio

Revised Code Chapter 4112.02 and wrongful discharge in violation of Ohio public policy. (Doc.

No. 1-2).  Defendant filed a motion for summary judgment as to all of Plaintiff's claims, which

the state court denied in its entirety on November 13, 2013. (Doc. No. 1-5).  At Plaintiff's

request, the state court granted leave to amend the complaint to include claims for gender

discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (*Id.*).  Following the amendment, Defendant removed the suit to this Court.

On March 3, 2015, the Court denied Defendant's second motion for summary judgment. (Doc. No. 16).  A trial was held in May 2015.  The Court granted Defendant's motion for judgment on the pleadings as to Plaintiff's discrimination claims and Ohio public policy claim. (Doc. No. 34).  The jury returned a verdict in favor of Plaintiff on his state and federal claims of retaliation in which he alleged he was terminated because he retained an attorney to oppose what he believed to be gender discrimination. (Doc. Nos. 33, 35).  The jury awarded only one dollar in damages. (*Id.*).  On May 28, 2015, Plaintiff moved to recover attorney's fees and costs. (Doc. No. 36).  Thereafter, on June 4, 2015, Defendant requested that the Court impose sanctions on Plaintiff's counsel.  (Doc. No. 38).

## II.    LAW & ANALYSIS

### A.  Attorney's Fees

Plaintiff requests $88,523.75 in attorney's fees following a jury verdict of one dollar in his favor on his claim for retaliation.  Despite his status as a nominally prevailing party, Plaintiff asserts that the circumstances warrant an award of fees.

Federal law grants a district court the discretion to award the "prevailing party" in a Title VII action "reasonable" attorney's fees as part of the costs. 42 U.S.C. § 2000e-5(k).  Thus, the determination of whether an attorney's fee award is appropriate requires two inquiries.  First, the party seeking to recover must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).  Additionally, if a party prevails, then the requested fee must be deemed reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In *Farrar* the Supreme Court addressed the evaluation of attorney's fee requests when plaintiffs have won only nominal damages. 506 U.S. at 112-16.  Plaintiffs, like McClusky, who

are awarded nominal damages, are nevertheless considered prevailing parties and at least eligible for an award of fees. *Id.* at 112. When addressing the reasonableness prong, however, the degree of a prevailing party's success is a factor that courts must consider. *Id.* at 114. ("Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of the fees awarded under § 1988."[1]). Indeed, the "most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained." *Id.*

As a result, "[i]n some circumstances, even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id.* at 115. The Supreme Court reiterated that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is *usually no fee at all*." *Id.* (internal citations omitted) (emphasis added). District courts may "lawfully award low fees or no fees" in cases where only nominal damages are awarded, without considering the other factors that normally bear on the reasonableness of a fee award. *Id.* The *Farrar* Court ultimately rejected an award of attorney's fees to a plaintiff who requested $17 million in compensatory damages but won only nominal damages. *Id. at 114-15.*

McClusky requests that the Court apply the three factor test Justice O'Connor articulated in her concurring opinion in *Farrar* to evaluate the reasonableness a fee award here. Justice O'Connor's test also examines the degree of success a plaintiff obtained, but goes on to consider both (1) the significance of the legal issues on which the plaintiff prevailed, and (2) whether the

---

[1] The standard applied to attorney fee requests under 42 U.S.C. § 1988, the fee shifting statute for federal civil rights claims brought pursuant to 42 U.S.C. § 1983, is the same as that which controls requests made under 42 U.S.C. § 2000e-5(k). *Virostek v. Liberty Twp. Police Dep't/Trustees*, 14 F. App'x 493, 510 (6th Cir. 2001) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983)).

3

litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights. *Id.* at 121-22 (O'Connor, J., concurring).  Plaintiff asserts that one district court in this jurisdiction has found Justice O'Connor's criteria useful to distinguish between "the usual nominal-damage case, which warrants no fee award, from the unusual case that does warrant an award of attorney's fees." *Layman Lessons, Inc. v. City of Millersville, Tenn.*, 550 F. Supp. 2d 754, 762 (M.D. Tenn. 2008) (*quoting Mercer v. Duke*, 401 F.3d 199, 204 (4th Cir. 2005)). Plaintiff relies heavily on the Tenth Circuit's adoption and application of Justice O'Connor's approach as set forth in *Brandau v. State of Kansas*, 168 F.3d 1179 (10th Cir. 1999) and urges the Court to do the same.[2]

Unlike a number of other jurisdictions, the Sixth Circuit has not expressly adopted or rejected Justice O'Connor's approach. *Glowacki v. Howell Pub. Sch. Dist.*, 566 F. App'x 451, 454 n.1 (6th Cir. 2014).  Recently, in *Glowacki*, the Sixth Circuit reviewed a district court's application of this test and acknowledged that the Third, Seventh, Eighth, Ninth, and Tenth Circuits had adopted it. *Id.*  Nevertheless, the court refused to require lower courts to apply the expanded assessment, because under the facts of the case before it, all considerations pointed to awarding no attorney's fees. *Id.*  Additionally, in *Hescott v. City of Saginaw*, 757 F.3d 518, 525 (6th Cir. 2014), the Sixth Circuit questioned whether the use of the expanded test was proper, given that the controlling opinion of the Supreme Court did not embrace it.  In disputes over attorney's fees with nominally prevailing parties, the Sixth Circuit has focused on the

---

[2] In his reply brief, Plaintiff also directs the Court to the Sixth Circuit's decisions in *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666 (6th Cir. 2006) and *Hescott v. City of Saginaw*, 757 F.3d 518 (6th Cir. 2014). Both cases are distinguishable from the case at bar in that they did not involve plaintiffs like McClusky who obtained only nominal damage awards.  In *DiLaura* the plaintiff succeeded in obtaining a ruling that in effect prohibited the defendant from enforcing a zoning ordinance and which the Court characterized as "complete" relief. *DiLaura*, 417 F.3d at 673.  The *Hescott* plaintiffs proved actual compensable injury and were awarded $5,000. *Hescott*, 757 F.3d at 524.

relationship between the relief sought and the relief awarded. *See, e.g., McBurrows v. Michigan Dept. of Transp.*, 159 F. App'x 638 (6th Cir. 2005) (denying an award of attorney's fees and costs where employee prevailed on Title VII retaliation claim, but was awarded only one dollar and had sought to obtain damages of $500,000); *Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003); (plaintiff's nominal damages award for civil rights claim insufficient to justify an award of attorney's fees); *Virostek v. Liberty Twp. Police Dept./Trustees*, 14 F. App'x 493 (6th Cir. 2001); (Title VII nominally prevailing plaintiff not entitled to an award of fees and costs, particularly given plaintiff's failure to prove compensable injury, which was an essential element of her claim for compensatory damages); *Cramblit v. Fikse*, 33 F.3d 633 (6th Cir. 1994) (plaintiff whose primary goal was to obtain monetary damages not granted attorney's fees after an award of only one dollar in compensatory and punitive damages).  Given the circuit court's approach, the undersigned will focus on the *Farrar* majority's inquiry: the degree of success obtained.

Lake Hospital argues that Plaintiff's success was minimal in that he requested compensatory and punitive damages, each in excess of $25,000, in his complaint but was only awarded nominal damages of one dollar.   On the other hand, in his affidavit in support of fees, Plaintiff states that "[m]y primary motivation for bringing this suit was to vindicate my reputation and prove that I was wrongfully terminated." (Affidavit of Robert McClusky, Doc. No. 36-3, at ¶ 4).  Plaintiff maintains that his requests for monetary damages were not significant in value, particularly when compared to the amount of attorney's fees he expended.  According to McClusky, his low demands, along with his counsel's decision not to ask for a specific monetary amount in closing arguments, demonstrate that the primary purpose of the litigation was to vindicate his termination and recover attorney's fees.

When assessing the extent of the relief obtained, the court must compare the amount of damages sought to the amount awarded. *Farrar*, 506 U.S. at 114.  Plaintiff's request for damages was not as excessive as requests made in *Farrar* and some Sixth Circuit cases. Nonetheless, comparing the relief McClusky obtained to the relief sought at the outset and during the course of the litigation, leads to the conclusion that the ultimate award was quite limited.  Plaintiff's prayer for relief focused almost entirely on monetary damages, primarily in the form of compensatory and punitive damages, both of which he wished to recover in excess of $25,000.[3]  (Doc. No. 1-6).  Prior to trial, Plaintiff requested a settlement of $65,000, which considerably exceeded his attorney's fees amounting to approximately $34,500 at that time. (Doc. Nos. 39-1, 39-2).  At trial, Plaintiff made various inadequate attempts to establish monetary loss due to his termination, even though his counsel did not request a specific dollar amount of damages in closing.  Any alleged shift in the relief Plaintiff sought came at the eleventh hour in closing arguments.  In the end, McClusky recovered neither compensatory nor punitive damages, but a significantly lower monetary sum than he desired.

Despite Plaintiff's subjective statements that his focus was to vindicate his rights, the strategy pursued and the evidence at trial contradict his representations.  Additionally, "*Farrar* simply request courts to consider the relief that was *sought* by the plaintiff, not the relief that was *most important* to the plaintiff."  *Mercer v. Duke*, 401 F.3d 199, 204 (4th Cir. 2005) (*citing Farrar*, 506 U.S. at 114-15).  "If the rule were otherwise, then every plaintiff recovering only nominal damages would claim that the only thing he was really ever interested in was a liability finding, a claim that the defendant would dispute," thus turning the inquiry about attorney's fees into a second major litigation. *Id.*

---

[3] Plaintiff also requested attorney's fees and costs, pre- and post-judgment interest, and "[s]uch other and further relief" as the Court might deem appropriate.

Based on how the case progressed, the nominal award signals the jury's belief that McClusky failed to prove he was injured as a result of the retaliatory employment action undertake by Lake Hospital.  In reality, the litigation simply provided Plaintiff with "the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated." *Farrar*, 506 U.S. at 114 (*quoting Hewitt v. Helms*, 482 U.S. 755, 762 (1987)).  Accordingly, McClusky's technical victory does not demonstrate a degree of success sufficient to justify an award of attorney's fees.

Even if the Court were to apply Justice O'Connor's three factor inquiry, the analysis would not support an award.  Under this test, the second factor—the significance of the legal issue on which the plaintiff claims to have prevailed—looks beyond the relief awarded to examine the extent to which a plaintiff succeeds on his theory of liability.[4] *Glowacki*, 566 F. App'x at 455 (*quoting Phelps v. Hamilton*, 120 F.3d 1126, 1132 (10th Cir. 1997)).  In *Glowacki* the court concluded that this factor weighed against the plaintiff, because he succeeded on a First Amendment liability issue against one defendant, but his primary claims of free expression and equal protection against a second defendant failed. *Id.*  On the other hand, in *Brandau v. State of Kansas*, 168 F.3d 1179 (10th Cir. 1999), the Tenth Circuit found this factor in favor of a plaintiff who succeeded on a claim of sexual harassment, though she lost on her retaliation and constructive discharge allegations.

---

[4] Other courts have interpreted this factor in a somewhat different manner than the Sixth Circuit in *Glowacki*.  They have explained that the factor addresses the general legal importance of the issue on which the plaintiff prevailed. *See, e.g., Mercer v. Duke Univ.*, 401 F.3d 199, 206 (4th Cir. 2005); *Maul v. Constan*, 23 F.3d 143, 145 (7th Cir. 1994) ("[T]he degree of plaintiff's success—whether plaintiff's victory is significant or merely *de minimis*—is the ultimate question on which the reasonableness of an award of attorney's fees turns.  Thus we understand the second *Farrar* factor to address the legal import of the constitutional claim on which plaintiff prevailed.").

Here, McClusky achieved technical success on his retaliation claim.  His discrimination and public policy claims both failed upon Defendant's motion for judgment as a matter of law. Though this prong may weigh slightly in Plaintiff's favor, the remaining factor does not.

In regard to whether the litigation served a public purpose, Plaintiff submits that the verdict put Defendant on notice that it must investigate complaints of civil rights violations rather than retaliating against employees who exercise their rights.  Yet, a similar conclusion can be drawn when any plaintiff succeeds on a retaliation claim.  This factor cannot be satisfied when a plaintiff simply establishes that his rights have been infringed, because all Title VII claims seek to remedy against some type of discrimination or deprivation of rights.  *See Glowacki*, 566 F. App'x at 455 (recognizing that the plaintiff's vindication of First Amendment rights was not sufficient to satisfy the public-interest factor because all section 1983 claims seek to redress the deprivation of rights).  As other jurisdictions have recognized, "litigation can accomplish much besides awarding money damages, [but] not every tangential ramification of civil rights litigation *ipso facto* confers a benefit on society." *Pino v. Locascio*, 101 F.3d 235, 239 (2d Cir. 1996).

The Court struggles to identify the public purpose vindicated by Plaintiff's action. McClusky did not seek equitable relief that would have extended beyond his case.  Moreover, his retaliation claim was not the first of its kind nor did it serve to develop the law under Title VII. *See Mercer*, 401 F.3d at 208 (explaining that because of our legal system's reliance on *stare decisis* and precedent, a case that is the first of its kind, even without any request for wide-ranging declaratory or injunctive relief, "can have profound influence on the development of the law and on society").  McClusky's case ultimately failed to accomplish "some public goal other

than occupying the time and energy of counsel, court, and client." *Farrar*, 506 U.S. at 121-22 (O'Connor, J., concurring).

*Farrar* explained that attorney's fees are usually not appropriate when a party recovers only nominal damages.  While there may be situations where an award is appropriate, the present record does not show that this is the unusual case that warrants fees.

### B.  Costs

Plaintiff also moves to recover costs in the amount of $2,209.70.  For reasons similar to the denial of attorney's fees, an award of costs is not justified.

Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney's fees, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).  The Sixth Circuit has interpreted this language to mean that a presumption favors awarding costs, but the award remains at the court's discretion. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (*quoting White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).  The unsuccessful party must show circumstances sufficient to overcome the presumption. *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968).

The Sixth Circuit has identified factors that courts should consider when evaluating whether to award costs. *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 729 (6th Cir. 2006).  These factors are sufficient as a basis for denying costs and include: whether the taxable expenditures were unnecessary to the case or unreasonably large; whether the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues; whether the prevailing party's victory was so insignificant that the judgment amounted to a victory for the opponent; whether the case was close and difficult; whether the losing party acted reasonably and in good faith in defending the case; whether the losing party conducted the case

with propriety; whether other courts have denied costs to prevailing parties in similar cases; whether the prevailing party or the public benefitted from the case; and whether the case resulted in a profound reformation of current practices. *Id. at* 728-29; *Lewis*, 400 F.2d at 819.

The Court finds that the presumption in favor of awarding costs to Plaintiff has been overcome. As previously stated, the judgment McClusky recovered was not significant when compared to the monetary damages he sought to obtain. Despite a verdict in Plaintiff's favor, the jury's failure to award damages resulted in a victory for Defendant. *See Virostek*, 14 F. App'x at 510 (holding that the district court's denial of costs was proper where it was found that the "the prevailing party's recovery [was] so insignificant that the judgment amount[ed] to a victory for the defendant"). No identifiable public benefit resulted from the case nor was there a profound reformation of practices. As a result, the Court finds that an award is not appropriate here.

### C. Sanctions

Prompted by Plaintiff's motion to recover attorney's fees and costs, Lake Hospital moved for an award of sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. Defendant argues that Plaintiff's motion was frivolous, given that Sixth Circuit precedent precludes an award of fees and costs in this case.

Defendant also takes issue with opposing counsel's failure, in the initial motion for an award, to cite Sixth Circuit decisions addressing fee awards where plaintiffs obtained only nominal damages. Plaintiff's counsel instead relied almost exclusively on out of circuit precedent. More specifically, Defendant points out that counsel failed to cite *Cramblit*, *Virostek*, *Pouillon*, or *McBurrows*, which recount the principle from *Farrar* that a plaintiff whose recovery is limited to nominal damages is "usually not" entitled to an award of fees and costs. Defendant maintains that Plaintiff's counsel was aware of these cases and fell short of their ethical

10

obligation to disclose controlling precedent adverse to their client's position.  Lake Health requests payment for the costs expended in opposing the motion for attorney's fees and costs.

Pursuant to 28 U.S.C. § 1927, courts may impose sanctions personally upon an attorney who unreasonably and vexatiously multiplies the proceedings in a case.  Attorneys may be required to satisfy the excess costs, expenses, and attorney's fees reasonably incurred due to their conduct. *Id.*  Sanctions are "warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Cook v. Am. S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1998) (internal quotations and citations omitted).  When evaluating sanctions,

> [t]he proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims. An award of fees under the statute thus requires a showing of something less than subjective bad faith, but something more than negligence or incompetence.

*Hall v. Liberty Life Assur. Co. Of Boston*, 595 F.3d 270, 275-76 (6th Cir. 2010) (internal quotations and citations omitted).

Before the imposition of sanctions, an attorney must be given notice and an opportunity to be heard. *Cook*, 134 F.3d at 774.  The Sixth Circuit does not require a full evidentiary hearing when imposing sanctions. *Id.*  Here, Plaintiff's counsel was aware of the motion for sanctions and had an opportunity to respond.  The issue has been fully and thoroughly briefed.  As a result, the Court does not feel that an evidentiary hearing would assist in its decision.

The filing of the motion for attorney's fees, in itself, is not sanctionable conduct.  The Supreme Court's decision in *Farrar* certainly did not preclude a nominally prevailing plaintiff from seeking fees, and McClusky relies on this fact in his motion.  *Farrar* indicates that the

11

award of fees to a plaintiff recovering nominal damages will be unusual, but there is no per se rule that nominally prevailing plaintiffs can never recover fees.  *See Mercer*, 401 F.3d at 203 ("Because the Court in *Farrar* held that plaintiffs recovering only nominal damages *usually* or *often* will not be entitled to an award of attorney's fees, it is clear that such plaintiffs will at least *sometimes* be entitled to a fee award.").  Cases in the Sixth Circuit have recognized that the application of *Farrar* is fact-specific. *See, e.g., McBurrows*, 159 F. App'x at 640-41 (considering an attorney's fee request by a plaintiff who was awarded only nominal damages).  McClusky's pursuit of attorney fees as the "prevailing party" is reasonable, given the door opening provided by the jury, as well as the fact that McClusky invested much in his effort to prevail.

Yet, Plaintiff's decision to ignore or fail to bring to the Court's attention Sixth Circuit authority interpreting the relevant portions of *Farrah*, while citing primarily precedent from outside the circuit that examines the case, is inexplicable.  This is particularly concerning because it appears that Plaintiff's counsel was aware of the omitted case law prior to the filing of the motion for fees and costs. (Declaration of Christopher Congeni, Doc. No. 38-1 at ¶ 8).

It is well established that counsel may not knowingly fail to "disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *United States v. Marks*, 209 F.3d 577, 585 (6th Cir. 2000) (quoting Model Rule of Professional Conduct Rule 3.3 and noting its applicability in this circuit); *Thompson v. Parkes*, 963 F.2d 885, 888 n.1 (6th Cir. 1992).  Sixth Circuit authority relating to fee awards for nominally prevailing parties does not prohibit McClusky's pursuit of fees, but its relevance to the consideration is obvious.  As a result, the Court finds the omission disturbing.  At this time, the Court elects to warn Plaintiff's counsel that it would expect disclosure in an opening brief under similar circumstances in the future.  Such

would be consistent with the overall professionalism otherwise exhibited by counsel during the course of the litigation.

### III.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Approve Attorney Fees and Costs (Doc. No. 36) and Defendant's Motion for Sanctions. (Doc. No. 38).

IT IS SO ORDERED.


<u>/s Kenneth S. McHargh</u>
Kenneth S. McHargh
United States Magistrate Judge


Date: <u>August 3, 2015.</u>